**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROY L. SMARTT,**

**Plaintiff,**

**v.** **Case No: 6:16-cv-1667-Orl-40DCI**

**NATIONAL PERSONNEL RECORDS CENTER and SCOT LEVINS,**

**Defendants.**

---

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO APPEAL *IN FORMA PAUPERIS* (Doc. 18)** |
| **FILED:** | **March 15, 2017** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

On September 23, 2016, Roy L. Smartt (Plaintiff) filed a complaint (Complaint) against the National Personnel Records Center (NPRC) and Scott Levins, Director of the NPRC (Director Levins) (collectively, Defendants), and a motion to proceed *in forma pauperis* (the IFP Motion). Docs. 1; 2; 3.[1]

The Complaint contained the following relevant allegations, which the Court accepted as true for purposes of determining whether Claimant could proceed *in forma pauperis*, pursuant to

---

[1] The National Personnel Records Center is a division of the National Archives and Records Administration. 36 C.F.R. § 1250.8(b).

28 U.S.C. § 1915. Plaintiff served with the United States Air Force from November 25, 1952 through October 30, 1953, when his service was terminated by "other than honorable discharge." Doc. 1-2 at 3. Plaintiff maintains he was wrongfully discharged, and has made several attempts over the past 40 years to alter his discharge to an honorable discharge. Doc. 1 at 2. Specifically, Plaintiff applied to alter his discharge in 1978 and 1983. *Id*. (citing Doc. 1-1 at 2-3). In each instance, Plaintiff was informed that his personnel file was destroyed during a 1973 fire at the NPRC facility, and, as a result, there was insufficient information available to review the reason for his discharge and make a recommendation to upgrade his discharge. *Id*. at 2-3 (citing Doc. 1-1 at 2-3). In 2016, Plaintiff requested a copy of his discharge documents. Doc. 1-2 at 2. In June 2016, Plaintiff received a letter from the Department of the Air Force, again informing him that his personnel records were destroyed during a 1973 fire at the NPRC facility. *Id*.

Plaintiff asserted two causes of action against Defendants. First, Plaintiff claimed that Defendants negligently maintained his personnel records by not storing them in "fire proof storage," and, thus, he was unable to upgrade his discharge causing him "to suffer great mental stress and . . . worry." Doc. 1 at 2. Second, Plaintiff claimed that Defendants unlawfully refused to provide him with copies of records from his personnel file in violation of his "federal constitutional rights to due process and equal protection." *Id*. at 3. As a result, Plaintiff sought a total of $250,000.00 in compensatory damages, and a total of $3,000,000.00 in punitive damages. *Id*. at 1-2.

On December 5, 2016, the undersigned entered a report (the Report) on the IFP Motion. Doc. 5. The undersigned found that Plaintiff was a pauper, but, after reviewing the Complaint pursuant to § 1915, found that Plaintiff did not state a claim upon which relief may be granted, and also failed to demonstrate that the Court had subject matter jurisdiction over his first cause of

action. *Id*. at 3-7. Specifically, the undersigned liberally construed Plaintiff's first claim as asserting a Federal Tort Claims Act (FTCA) claim against Defendants, and found that Plaintiff failed to state a claim upon which relief may be granted because he brought suit against the wrong defendant, *id*. at 5-6 (citing *Trupei v. United States*, 304 F. App'x 776, 782 (11th Cir. 2008) (per curiam) (affirming dismissal of FTCA claims against federal employees and agencies)), and failed to demonstrate that the Court has subject matter jurisdiction over his FTCA claim because he did not allege that he exhausted his administrative remedies prior to filing the action, *id*. at 6 (citing *Chapman v. United States Postal Serv.*, 442 F. App'x 480, 485 (11th Cir. 2011) (per curiam) ("[T]he failure to adequately allege exhaustion in the complaint is grounds for dismissal for lack of subject matter jurisdiction.")). The undersigned liberally construed Plaintiff's second claim as asserting Defendants violated his right to due process and equal protection under the Fifth Amendment of the United States Constitution, and found that Plaintiff failed to state a claim under the Fifth Amendment. *Id*. at 6-7. In light of these findings, the undersigned recommended that the IFP Motion be denied, the Complaint be dismissed without prejudice, and Plaintiff be granted leave to file an amended complaint. *Id*. at 8.

On December 19, 2016, Plaintiff filed an objection to the Report. Doc. 7. Plaintiff argued, in large part, that the undersigned erroneously altered the Complaint to include Director Levins as a defendant, and to include a claim that Defendants violated the Fifth Amendment of the United States Constitution. *See id*.

On January 24, 2017, the Court entered an order overruling Plaintiff's objections, adopting the Report, and directed Plaintiff to file an amended complaint within 21 days of the order. Doc. 8. On February 6, 2017, Plaintiff filed a motion for reconsideration (the Motion of Reconsideration), requesting the Court reconsider its January 24, 2017 order. Doc. 10. On March

1, 2017, the Court entered an order denying the Motion for Reconsideration, and, in light of Plaintiff's failure to timely file an amended complaint, dismissed the case. Doc. 14.

On March 15, 2017, Plaintiff filed a Notice of Appeal and Motion to Appeal *In Forma Pauperis* (the Motion). Docs. 17; 18. It appears Plaintiff is appealing the Court's January 24, 2017 order – as opposed to its order on the Motion for Reconsideration – arguing, as he did in his objection, that the Court erroneously altered the Complaint to include Director Levins as a defendant, and to include a claim that Defendants violated the Fifth Amendment of the United States Constitution. *See* Doc. 17 at 3-4.

An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). The good faith standard is an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issues presented are frivolous. *Id*.

The Court, as previously mentioned, dismissed the Complaint without prejudice because Plaintiff failed to state a claim upon which relief may be granted, and also failed to demonstrate that the Court had subject matter jurisdiction over his first cause of action. *See* Docs. 5; 8. Plaintiff does not seek to appeal the bases for dismissing the Complaint, but, instead, seeks to appeal the Court's alleged erroneous alteration of the Complaint to include Director Levins as a defendant, and to include a claim that Defendants violated the Fifth Amendment of the United States Constitution. *See* Doc. 17 at 3-4. The Court, contrary to Plaintiff's allegations, did not materially alter the Complaint, but, instead, liberally construed the Complaint – as it is required to do – as asserting claims against Director Levins and asserting a claim under the Fifth Amendment of the United States Constitution. *See* Docs. 5; 8. Plaintiff has failed to demonstrate how the liberal construction of the Complaint prejudiced his ability to proceed with his claim(s). *See* Doc. 17.

Further, Plaintiff has not challenged the reasons why the Complaint was dismissed. Specifically, Plaintiff does not challenge the Court's determination that he failed to assert a claim upon which relief may be granted, nor does he challenge the Court's determination that he failed to demonstrate that it has subject matter jurisdiction to consider his FTCA claim. *See* Doc. 17. Plaintiff also does not challenge the Court's dismissal of the Complaint for failure to timely file an amended complaint. *See id*. Therefore, there is nothing in the Notice of Appeal that demonstrates the Court's bases for dismissing the Complaint were erroneous. Accordingly, the undersigned finds the arguments Plaintiff intends to raise on appeal are without arguable merit, and thus the appeal is not taken in good faith.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 18) be **DENIED**;
2. The Court certify the appeal is not taken in good faith; and
3. The Clerk be directed to notify the Eleventh Circuit in accordance with Fed. R. App. P. 24(a)(4).

**The Clerk is directed to send a copy of this report to Plaintiff by regular and certified mail.**

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 20, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy